UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BILLIE JO S.,

                              Plaintiff,

v.                                                                                  CASE # 21-cv-01073

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>600 North Bailey Ave<br>Suite 1A<br>Amherst, NY 14226 | KENNETH R. HILLER, ESQ.<br>REBECCA M. KUJAWA, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | ANDREEA LECHLEITNER, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

**I.    RELEVANT BACKGROUND**

   **A.    Factual Background**

Plaintiff was born on August 20, 1972 and has at least a high school education. (Tr. 252, 245). Generally, plaintiff's alleged disability at the time of application was bipolar disorder, anxiety, lupus, status post left knee surgery in 2017 and 2018, and alcoholism. (Tr. 244). Her alleged onset date of disability is August 1, 2016 and date last insured was June 30, 2021. (Tr. 15, 18).

   **B.    Procedural History**

On May 2, 2019, plaintiff applied for a period of Disability Insurance Benefits (SSD) under Title II of the Social Security Act. (Tr. 214). Plaintiff's application was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On December 18, 2020, plaintiff appeared via telephone before ALJ Paul Georger. (Tr. 38-69). On March 1, 2021, ALJ Georger issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 15-31). On August 24, 2021, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Tr. 1-3). Thereafter, plaintiff timely sought judicial review in this Court.

   **C.    The ALJ's Decision**

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1.   The claimant meets the insured status requirements of the Social Security Act through June 30, 2021.

2.   The claimant has not engaged in substantial gainful activity since January 17, 2019 (20 CFR 404.1571 et seq.).

3.   The claimant has the following severe impairments: bilateral knee chondromalacia patellae; ligament tears of the left knee, status-post surgical repair; obesity; COPD;

|  |  |
|---|---|
|  | anxiety disorder; bipolar disorder; panic disorder; and degenerative disc disease of the lumbar spine (20 CFR 404.1520(c)). |
| 4. | The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526). |
| 5. | After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except occasional use of ramps and stairs, occasional use of ladders, ropes and scaffolds, occasional balancing, stooping, kneeling, crouching and crawling, occasional exposure to humidity and wetness, occasional exposure to dust, odors, fumes and pulmonary irritants, occasional exposure to extreme cold and extreme heat, simple, routine, repetitive tasks, simple work-related decisions, occasional interaction with supervisors, co-workers and the general public, occasional changes to the worksite and routine. |
| 6. | The claimant is unable to perform any past relevant work (20 CFR 404.1565). |
| 7. | The claimant was born on August 20, 1972 and was 46 years old, which is defined a younger individual age 18-49, on January 17, 2019 (20 CFR 404.1563). |
| 8. | The claimant has at least a high school education (20 CFR 404.1564). |
| 9. | Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2). |
| 10. | Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)). |
| 11. | The claimant has not been under a disability, as defined in the Social Security Act, from January 17, 2019 through the date of this decision (20 CFR 404.1520(g)). |

(Tr. 15-31).

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Argument

3

Plaintiff argues the ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to properly assess the opinions of Karen Kuhn, LMSW and Marcel Rozario, ACNP. (Dkt. No. 9 [Pl's Mem. of Law]).

**B.      Defendant's Arguments**

Defendant responds that the physical and mental RFC findings are supported by substantial evidence. (Dkt. No. 10 [Def.'s Mem. of Law]).

## III.    RELEVANT LEGAL STANDARD

### A.      Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where

evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.     Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.  ANALYSIS

Plaintiff essentially argues the ALJ should have found the opinions of LMSW Kuhn and ACNP Rozario more persuasive and adopted their limitations in formulating the RFC. (Dkt. No. 9 at 1). However, in reaching his conclusions about plaintiff's RFC, the ALJ appropriately considered the record as a whole, including other medical opinion evidence. 20 C.F.R. § 404.1546; SSR 96-8p. Plaintiff has failed to satisfy the burden of proving she is entitled to a more restrictive RFC than that found by the ALJ. *Burgess v. Astrue*, 537 F.3d at 128 (the plaintiff bears the burden of proving her case at steps one through four).

As an initial matter, the ALJ appropriately applied the new set of regulations for evaluating medical evidence when discussing the opinion evidence. *See, e.g.,* 20 C.F.R. § 404.1520c. Notably, although plaintiff emphasizes that the two opinions at issue are from treating sources, the Commissioner chose not to retain the "treating source rule" that could require deference to treating source opinion evidence. 82 Fed. Reg. at 5853. While the ALJ must articulate his consideration of all medical opinions, the new regulations no longer mandate particularized procedures that the adjudicator must follow in considering opinions from treating sources (*e.g.*, a requirement that adjudicators must "give good reasons" for the weight given a treating source opinion). 20 C.F.R. § 404.1520c(b) (2017). Rather, the ALJ focuses on the persuasiveness of the medical opinion(s) or prior administrative medical finding(s) using the following five factors: (1) Supportability; (2) Consistency; (3) Relationship with the claimant (which includes: (i) Length of the treatment relationship; (ii) Frequency of examinations; (iii) Purpose of the treatment relationship; (iv) Extent of the treatment relationship; and (v) Examining relationship); (4) Specialization; and (5) Other factors. 20 C.F.R. §§ 416.920c(a)-(c) (2017). Under the new regulations, the ALJ must explain in his decision how persuasive he finds medical source's medical opinions and/or prior administrative

medical findings based on the most important factors of supportability and consistency. 20 C.F.R. § 404.1520c(b)(2)(2017).

### A. Mental RFC

While plaintiff's argument is focused solely on the opinion from a therapist, she ignores the plethora of substantial evidence which the ALJ relied in formulating the RFC. ALJ Georger explained that he relied in part upon the September 19, 2019, opinion of consultative examiner Dr. Denise Mercurio-Riley. (Tr. 27; *see* Tr. 957). Dr. Mercurio-Riley opined that plaintiff had no limitation in her ability to sustain concentration and perform tasks at a consistent pace and mild limitations in her abilities to: understand, remember, or apply simple or complex directions and instructions; use reason and judgment to make work-related decisions; sustain an ordinary routine and regular attendance at work; and regulate her emotions, control her behavior, and maintain her well-being. (Tr. 27; *see* Tr. 957). Dr. Mercurio-Riley opined that plaintiff had a moderate limitation in her ability to interact adequately with supervisors, co-workers, and the public. (Tr. 27; *see* Tr. 957).

The ALJ described Dr. Mercurio-Riley's opinion as generally persuasive but he found greater limitations in adapting and managing herself based upon the evidence in the record. (Tr. 27). *See McLeod v. Berryhill*, Case No. 1:17-CV-00262, 2018 WL 4327814, at *3 (W.D.N.Y. Sept. 11, 2018) (consultative examiner's opinion supported RFC finding, noting that "'the fact that the ALJ's RFC assessment did not perfectly match [an examining medical source]'s opinion, and was in fact more restrictive than that opinion, is not grounds for remand.'"). Nevertheless, the opinion of a consultative examiner may constitute substantial evidence in support of an ALJ's decision. *See, e.g., Grega v. Saul,* 816 F. App'x 580, 582–83 (2d Cir. 2020) *citing Mongeur v. Heckler*, 722 F.2d 1033, 1039 (2d Cir. 1983).

The ALJ also found the prior administrative medical findings of Drs. Inman-Dundon and Tzetzo were partially persuasive. (Tr. 28). Dr. T. Inman-Dundon, a State agency psychologist who reviewed the evidence on October 9, 2019, and Dr. H. Tzetzo, a State agency psychiatrist who reviewed it on January 7, 2020, each found that plaintiff had no limitation in understanding, remembering, or applying information; mild limitation in interacting with others; moderate limitations in concentrating, persisting, and maintaining pace; and moderate limitations in adapting and managing herself. (Tr. 28; *see* Tr. 78, 99). Drs. Inman-Dundon and Tzetzo concluded that plaintiff retained the RFC to perform work that entailed limited contact with the public, which the ALJ adopted in the RFC. (Tr. 21, 79, 100). Similar to consultative examiners, State agency medical consultants are considered highly qualified and experts in Social Security disability evaluations. 20 C.F.R. § 404.1513a, *See e.g. Cur v. Comm'r of Soc. Sec.*, No. 19-CV-01039, 2020 WL 6488741, at *5 (W.D.N.Y. Nov. 4, 2020) (recognizing that the ALJ properly considered the opinion of a state agency psychological consultant when formulating the RFC).

Plaintiff argues the mental RFC is not supported by substantial evidence because the ALJ did not adopt the limitations from therapist, Karen Kuhn, LMSW. (Dkt. No. 9 at 26). On October 1, 2020, LMSW Kuhn completed a Medical Source Statement Regarding Mental Health. (Tr. 1022-1028). LMSW Kuhn opined plaintiff was seriously limited to having no useful ability to function in all mental abilities and aptitudes needed to do unskilled work. (Tr. 1024-1026). LMSW Kuhn opined that given plaintiff's ongoing neurological symptoms and chronic pain, it seems unlikely she would be able to engage in work situations. (Tr. 1024). She also noted that plaintiff will likely be absent from work more than four days per month due to her impairments and treatment. (Tr. 1027). The ALJ found the opinion to be "unpersuasive because it was inconsistent

with and unsupported by various mental status findings revealing some, but not disabling, mental limitations despite routine and conservative mental health treatment." (Tr. 28).

Plaintiff takes issue with the ALJ's failure to cite specific inconsistencies, however the Court is able to glean from the decision's lengthy analysis of the evidence, the reasoning behind the ALJ's finding. Indeed, the ALJ discussed the findings of various practitioners who examined plaintiff and revealed that she had a cooperative demeanor, alert sensorium, full orientation, intact attention, normal or "good" mood, normal affect, intact attention, and no perceptual disturbances (Tr. 25; *see* Tr. Tr. 819, 843, 852, 869, 871-72, 874, 889, 1064, 1068, 1074, 1084, 1292, 1302, 1314, 1324, 1345, 1355, 1358-59, 1362, 1399, 1405, 1414, 1527, 1533, 1539, 1543, 1547, 1554, 1558, 1561-62, 1568, 1572, 1576, 1684-85, 1694-95, 1704-05, 1715). LMSW Kuhn's opinion was also inconsistent with the findings from Dr. Merucurio-Riley that plaintiff had a cooperative demeanor, well-groomed appearance, neutral mood, intact attention and concentration, coherent thought processes, intact memory, and average estimated cognitive functioning. (Tr. 956).

The opinion of LMSW Kuhn was also not supported by her own records. Although during her earlier sessions in 2019, LMSW Kuhn did not administer mental status examinations, her counseling notes revealed that plaintiff was motivated for treatment, able to identify stressors and triggers of her symptoms, and taking steps to exercise assertiveness and self-care. (Tr. 1581, 1585, 1589, 1597). Mental status findings from sessions on January 21, 2020, February 12, 2020 April 13, 2020, April 27, 2020, June 1, 2020, July 29, 2020, August 17, 2020, August 31, 2020, and October 21, 2020 revealed that plaintiff had normal behavior and cognition and no negative changes in her speech, thought content, or thought processes. (Tr. 1630-31, 1636-37, 1642-43, 1648-49, 1654-55, 1661-62, 1665-66, 1670-71, 1675-76). During an April 13, 2020 session, plaintiff reported that, despite some recent stressors, she was coping fairly well. (Tr. 1668).

Treatment plans signed by LMSW Kuhn in April and July 2020 noted that plaintiff was improving in her ability to manage her emotions. (Tr. 1610, 1618). An October 2020 progress note revealed that she had been sober for over a year and that her medications and therapy had a good effect on her. (Tr. 1604). In sum, LMSW Kuhn's own treatment notes show largely benign findings and an improvement in plaintiff's symptoms with treatment.

The mental RFC finding was supported by substantial evidence and ALJ Georger properly considered the factors of supportability and consistency in finding the opinion of LMSW Kuhn unpersuasive. Plaintiff does not assert error in the ALJ's consideration of the opinions from the other sources but rather agrees it was within the ALJ's discretion to resolve genuine conflicts in the evidence. *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002). The deferential standard of review prevents this Court from reappraising the evidence. *See Krull v. Colvin*, 669 F. App'x 31, 32 (2d. Cir. 2016).

**B. Physical RFC**

In an argument mirroring the mental RFC, plaintiff contends the physical RFC is not supported by substantial evidence because the ALJ did not adopt the significant limitations opined by ACNP (Acute Care Nurse Practitioner) Rozario. (Dkt. No 8 at 22). On October 28, 2020, Marcel Rozario, ACNP completed a Physical Residual Functional Capacity Questionnaire. (Tr. 1123-1127). ACNP Rozario opined plaintiff's chronic pain, or other symptoms, will constantly interfere with plaintiff's attention and concentration and she is incapable of even "low stress" jobs. (*Id*.). ACNP Rozario next opined plaintiff can only sit for 30 minutes at one time, stand for 30 minutes at one time, and sit, stand or walk for less than 2 hours total each in an 8-hour workday. (Tr. 1124-1125). Lastly, ACNP Rozario stated plaintiff needs periods of walking around throughout the workday, specifically she needs to walk for 5 minutes every 30 minutes. (Tr. 1125). The ALJ found

10

the opinion unpersuasive because "it is inconsistent and unsupported by the various examination findings revealing some, but not disabling, physical limitations and mostly normal gait and strength findings." (Tr. 28).

Initially and akin to the prior analysis of LMSW Kuhn's opinion, the Court can glean the ALJ's rationale pertaining to ACNP Rozario's opinion without specific cites to the record. In his decision the ALJ discussed multiple examination findings from throughout the record that were inconsistent with the opined limitations and also not supported by ACNP Rosario's own exam findings. (Tr. 28; *see* Tr. 757, 816, 819, 821, 886, 889, 1715). See 20 C.F.R. § 404.1520c(c)(1),(c)(2). Starting in February 2019, and at follow-up examinations, ACNP Rosario concluded plaintiff was neurologically intact, with no focal deficits, and had no tenderness or any positive findings related to her extremities. (Tr. 843). Plaintiff's argument is that objective evidence supports the opinion, but she only cites evidence of plaintiff's complaints and reports to ACNP Rozario. (Dkt. No. 9 at 23). The ALJ appropriately explained that ACNP Rozario's opinion greatly overstated plaintiff's limitations and reiterated that he found the less restrictive opinions and prior administrative medical findings of Drs. Dave, Baronos, and Brauer to be more persuasive. (Tr. 28; *see* Tr. 81-82, 103-6, 950).

To be sure, in reaching the physical RFC finding, the ALJ discussed that he relied, in part, upon the prior administrative medical findings of the State agency physicians, who reviewed the available evidence in the record. (Tr. 27-28; *see* Tr. 81-82, 103-6). As cited above, the opinions of Stage agency physicians constitute substantial evidence. 20 C.F.R. § 404.1513a. State agency physicians Drs. V. Baronos and D. Brauer opined that plaintiff could occasionally lift 20 pounds, frequently lift 10 pounds, stand and/or walk about six hours in an eight-hour workday, and sit about six hours in an eight-hour workday. (Tr. 81-82, 103-4). Drs. Baronos and Brauer found that

plaintiff could balance and stoop without limitation; and could occasionally climb, kneel, crouch, and crawl. (Tr. 82, 103). In terms of environmental limitations, Drs. Baronos and Brauer found that plaintiff should avoid moderate exposure to fumes, odors, and dusts, gasses, and poor ventilation; but had no limitation in being around wetness, humidity, or hazards. (Tr. 83, 104). The ALJ explained that he found that the prior administrative medical findings of Drs. Baronos and Brauer to be mostly persuasive because they were based upon their knowledge of the disability program and their reviews of the record. (Tr. 28). 20 C.F.R. § 404.1520c(c)(5) (explaining that in evaluating a medical opinion the ALJ will consider the medical source's familiarity with the disability program and with other evidence in the claim file).

Notably, both doctors cited to evidence in the record to support their opinions. (Tr. 83-84, 105). See 20 C.F.R. § 404.1520c(c)(1) (explaining that in evaluating medical opinions, the more a medical source presents relevant objective evidence and supporting explanations to support his or her opinion, the more persuasive that opinion will be found). In addition to citing medical evidence, Drs. Baronos and Brauer also cited plaintiff's activities of daily living in support of their findings that plaintiff could perform a range of light work (Tr. 84, 105). They noted that plaintiff alleged difficulty with some tasks, such as washing laundry (due to the stairs), but that she was able to use public transportation, travel alone, prepare simple meals, and shop. (Tr. 84, 105; *see* Tr. 260-61). Plaintiff does not challenge the ALJ's reliance on the other opinions of record.

In addition to the State agency review physicians considering plaintiff's activities of daily living, the ALJ also considered them in assessing the physical RFC. Plaintiff reported that she took care of her personal grooming, did household chores, such as cooking, cleaning, and washing laundry, shopped for groceries, went with family to thrift stores, and used public transportation. (Tr. 23; *see* Tr. 260, 821, 948, 956-57). She even took care of her boyfriend's mother, with whom

she lived. (Tr. 1581). As stated by the ALJ, the plaintiff's activities of daily living supported a finding that she could perform light work. *See Cichocki v. Astrue*, 729 F.3d 172, 178 (2d Cir. 2013) (holding that the ALJ properly considered the claimant's reported daily activities, such as walking her dog and cleaning her house, in support of an RFC finding for light work); *Poupore v. Astrue*, 566 F.3d 307 (2d Cir. 2009) (the claimant's varied activities, including occasional vacuuming, washing dishes, driving, watching television, reading, and using the computer, supported an RFC finding for light work).

The Second Circuit has made clear that it is the plaintiff who bears the burden of proving that her RFC is more restricted than that found by the ALJ, whereas the Commissioner need only show that the ALJ's decision was supported by substantial evidence in the record. *Poupore,* 566 F.3d at 306. Plaintiff has not introduced any evidence showing that she was not able to perform work commensurate with the ALJ's RFC finding, or that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in the record. Therefore, remand is not warranted.

**ACCORDINGLY, it is**

**ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is **DENIED**; and it is further

**ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 10) is **GRANTED**.

Dated: August 31, 2023
Rochester, New York

*J. Gregory Wehrman*
HON. J. Gregory Wehrman
United States Magistrate Judge